UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MILTON H. GREENE ARCHIVES, INC.,

    Plaintiff,

v.

LARRY GREEN PRODUCTIONS, *et al.*,

    Defendants.

No. C03-0181L

ORDER OF DISMISSAL

In response to an Order to Show Cause entered in the above-captioned matter, defendants argue that any and all claims possessed by plaintiff were discharged in bankruptcy pursuant to an Order of Discharge dated April 20, 2005. Dkt. # 35 and 36. Plaintiff, through foreign counsel, argues that it was not provided with "any paperwork from the Defendant's Bankruptcy" except for the initial notice of bankruptcy filing and the final notice of discharge. Dkt. # 37.

Having reviewed the responses filed by the parties, the Court finds that plaintiff's claim was discharged in bankruptcy and that further prosecution of the above-captioned matter is enjoined. In connection with its bankruptcy proceedings, defendant provided a list of creditors

ORDER TO SHOW CAUSE

that included plaintiff at its counsel's address.[1]  A Chapter 7 discharge is ineffective only against creditors who are not listed and scheduled.  11 U.S.C. § 523(a)(3).  Plaintiff does not argue that it was not listed, that the address provided to the bankruptcy court was incorrect, or that it did not know of the initial bankruptcy filing or the final discharge.  Plaintiff was duly scheduled and listed with its agent's correct address:  its claims were therefore discharged pursuant to the April 20, 2005 order.  See Agristor Credit Corp. v. Boyd, 157 B.R. 477, 482-83 (D. Colo. 1993); In re Walker, 125 B.R. 177, 179-80 (E.D. Mich. 1990).

For all of the foregoing reasons, the above-captioned matter is hereby DISMISSED.

DATED this 26th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The general rule is that notice to an agent is imputed to the principal.  Thus, if an attorney hired by a creditor to collect a debt receives notice of a bankruptcy filing, meeting of creditors, and/or other pertinent deadlines, that knowledge is imputed to the creditor/client.  In re Linzer, 264 B.R. 243, 248 (E.D.N.Y. 2001).

ORDER TO SHOW CAUSE                -2-